# Travelers Indemnity Co. v. R. Tasha Wallis, Commissioner and Department of Labor and Industry

[845 A.2d 316]

No. 02-360

Present: Amestoy, C.J., Dooley, Johnson and Skoglund, JJ., and Allen, C.J. (Ret.), Specially Assigned

Opinion Filed October 31, 2003
Motion for Reargument and/or Clarification Denied January 12, 2004

*Andrew W. Goodger* and *Stephen D. Ellis* of *Kiel Ellis & Boxer*, Springfield, for Plaintiff-Appellant.

*William H. Sorrell*, Attorney General, and *William H. Rice*, Assistant Attorney General, Montpelier, for Defendants-Appellees.

*Craig A. Jarvis* of *Biggam, Fox & Skinner*, Montpelier, for Amicus Curiae Vermont Labor Council, AFL-CIO.

¶ 1. **Dooley, J.** Plaintiff Travelers Indemnity Co. appeals from a decision of the Washington Superior Court dismissing its suit against the Department of Labor and Industry and its Commissioner for lack of subject matter jurisdiction. In its suit, Travelers sought to challenge certain Department practices in issuing interim orders of benefits under 21 V.S.A. § 662(b), and asserted that the statute is constitutionally deficient on its face. Construing the complaint as an appeal rather than a declaratory judgment action, the superior court dismissed the suit because Travelers did not obtain certified questions from the Commissioner as required by 21 V.S.A. § 671. On appeal, Travelers claims the court misconstrued its complaint and should have allowed the suit to go forward under V.R.C.P. 75, 3 V.S.A. § 807, and 12 V.S.A. § 4711. We accept Travelers's argument that its complaint was not an appeal, but we affirm the dismissal of the company's challenge to the Commissioner's actions on primary jurisdiction grounds. As to the facial constitutional challenges to § 662(b) set forth in the complaint, we reverse and remand to the superior court for further proceedings.

¶ 2. Travelers issues workers' compensation policies to numerous employers and, thus, appears regularly before the Commissioner in connection with workers' compensation claims against it. It is dissatisfied with the Commissioner's administration of interim payments, that is, compensation payments ordered by the Commissioner pursuant to 21 V.S.A. § 662(b) after the insurance carrier has denied a claim, but before a hearing on the claim. Section 662(b) authorizes such payments, pending a hearing and final determination, where the Commissioner finds that the

evidence put forth by the employer or carrier "does not reasonably support the denial."

¶ 3. On September 15, 2000, Travelers filed a complaint with the Washington Superior Court seeking review of the Department's actions related to issuing interim orders under V.R.C.P. 75 and 3 V.S.A. § 807, and requesting declaratory and injunctive relief under 12 V.S.A. § 4711. In its complaint, Travelers cited an interim order the Department issued on a claim that Travelers had twice denied as outside its workers' compensation coverage. Travelers alleged that the Department's order violated 21 V.S.A. § 662(b) and denied Travelers due process. Travelers requested that the court permanently enjoin the Department from enforcing the order cited in its complaint. Travelers also asked the court to issue an order "declaring the appropriate legal standard for the issuance of interim orders pursuant to the provisions of 21 V.S.A. § 662(b) and the Vermont Workers' Compensation and Occupational Disease Rules." The same day Travelers filed its suit in superior court, the Department rescinded the interim order cited in Travelers's complaint.

¶ 4. The Commissioner and Department moved to dismiss for lack of jurisdiction and because the case was moot. This led to skirmishing in which Travelers attempted to keep the case alive, eventually culminating in the filing of an amended complaint in which Travelers described additional workers' compensation cases in which, it alleged, the Commissioner had violated its rights under § 662(b) and the state and federal constitutions. As described in the complaint, the cases were in various stages of processing. For example, in four of the cases, the interim payment order was still outstanding. None had been appealed to the superior court. In others, the interim order had been rescinded. For three of these, Travelers had apparently taken no action to have the interim order reconsidered or stayed.[1] For the other, a motion for a stay was pending. Another case involved termination of compensation under 21 V.S.A. § 643a, a statute not otherwise involved in Travelers's complaint and for which Travelers sought no relief.

¶ 5. To address the mootness issue defendants raised, Travelers's amended complaint contended that "this action implicates administrative conduct which is capable of repetition, yet evasive of judicial review." Travelers also argued that the issues raised in the action would not

---

[1] For these, it would appear that Travelers has failed to exhaust administrative remedies, and this is a separate ground for rendering declaratory judgment inappropriate. See *In re D.A. Assocs.*, 150 Vt. 18, 20, 547 A.2d 1325, 1326-27 (1988) ("[W]hen an administrative remedy is established by statute or regulation, relief must not only be sought in accordance therewith, but must first be exhausted before recourse to the courts is available.").

become moot with the ultimate resolution of the specific cases, and requested that the court lay out "the appropriate legal standard" for the issuance of interim benefits orders. The complaint alleged three improper actions taken in one or more of the cases described in the complaint: (1) ordering interim payments in cases in which the employer or carrier has submitted evidence, which if believed, would support denial of the compensation claim; (2) relying on ex parte information submitted by the employee in deciding whether to order interim payments; and (3) ordering interim payments even though the claimant has not requested a hearing on the denial and served a request on the employer or carrier. Travelers has also alleged here that defendants' actions are unconstitutional because they grant interim benefits without articulated standards for determining whether the carrier/employer's evidence reasonably supports its denial, and because interim payments are ordered without any right of recoupment if the claimant is found not to be entitled to benefits. Travelers claimed that defendants' practices violated § 662(b), and its rights to due process and equal protection of the laws.

¶ 6. On July 31, 2002, the superior court dismissed the case for lack of subject matter jurisdiction.[2] The court ruled that Travelers had failed to properly exercise its statutory rights of appeal under 21 V.S.A. § 671 of the Workers' Compensation Act, which requires "questions of fact or questions of fact and law" certified by the Commissioner in order to establish jurisdiction in the superior court. Travelers subsequently brought this appeal.

¶ 7. We review a dismissal for lack of subject matter jurisdiction de novo, taking all uncontroverted factual allegations of the complaint as true and construing them in the light most favorable to the nonmoving party. *Jordan v. State*, 166 Vt. 509, 511, 702 A.2d 58, 60 (1997).

¶ 8. On appeal, Travelers contends that its suit was not an appeal as the trial court characterized it, but, rather, was a declaratory judgment action seeking to challenge the legality of the Department's general practices with respect to issuing interim orders, and therefore the court had original jurisdiction over Travelers's claims under V.R.C.P. 75, 12 V.S.A. § 4711 (the Declaratory Judgments Act), and 3 V.S.A. § 807 (the Administrative Procedure Act). We accept Travelers's characterization of

---

[2] All parties have treated the superior court order as a dismissal. In fact, the order remanded the case to the Commissioner for the certification of questions. Apparently, the parties assume that because the Commissioner considers the matter moot, she will not certify questions. While we might question that assumption, particularly because a different person is now commissioner, we accept that the order is sufficiently final to enable this appeal to go forward.

the action, but conclude dismissal of most of the complaint is supported by our decision in *C.V. Landfill, Inc. v. Envtl. Bd.*, 158 Vt. 386, 610 A.2d 145 (1992). We refer to that part of the complaint that challenges the Commissioner's implementation of § 662(b).

¶ 9. In *C.V. Landfill*, the plaintiff attempted to challenge a decision of a district environmental commission that its landfill required an Act 250 permit because of modifications made to resolve environmental problems raised by the Agency of Natural Resources. Rather than challenging the commission's finding by appealing to the environmental board, however, the plaintiff brought a declaratory judgment action in superior court. The superior court dismissed the action on the basis of the primary jurisdiction doctrine, and we affirmed.

¶ 10. Three factors were particularly critical to our decision, all of which are present here. We reasoned in *C.V. Landfill*:

> First, the "legal question" raised was actually one mixed in law and fact. In retaining jurisdiction, the court would have had to decide if plaintiff's modifications to its landfill site constituted a "substantial change" under 10 V.S.A. § 6086 triggering Act 250 permit requirements. This task would have entailed an application of the facts to the relevant legal authority; hence, both factual and legal questions were implicated.
>
> In addition, these are issues so intertwined with environmental law that, under the doctrine of primary jurisdiction previously discussed, the body charged with interpreting Act 250 is the most appropriate tribunal to interpret them. We give great weight to the Environmental Board's expertise in these areas. See, e.g., *In re Agency of Transportation*, 157 Vt. 203, 208, 596 A.2d 358, 360 (1991) (Act 250 gives "primacy over, without preemption of, ancillary permit and approval processes").
>
> Finally, C.V. is not challenging the validity of the statute. If this were the posture of the case, a court might be the more appropriate tribunal. See *Flanders Lumber & Building Supply Co. v. Town of Milton*, 128 Vt. 38, 44, 258 A.2d 804, 808 (1969) (when issue is whether particular law is valid, "it is undoubtedly judicial economy and wisdom to decide the issue by declaratory judgment before the administrative channel has been invoked or exhausted").

158 Vt. at 392, 610 A.2d at 148; see also *Williams v. State*, 156 Vt. 42, 57-58, 589 A.2d 840, 850 (1990).[3]

¶ 11. We are particularly influenced by the first *C.V. Landfill* factor as applied to this case. The Legislature has adopted a broad general standard for issuance of interim orders — that the "evidence does not reasonably support the denial." 21 V.S.A. § 662(b). The Commissioner has implemented this standard on a case-by-case basis. Thus, each case necessarily involves mixed questions of fact and law. Except in cases of de novo appeals, see *Pitts v. Howe Scale Co.*, 110 Vt. 27, 35, 1 A.2d 695, 698 (1938) (review under 21 V.S.A. § 670 is de novo), we accord the Commissioner substantial discretion in rendering a decision and review only for abuse of that discretion. *Wood v. Fletcher Allen Health Care*, 169 Vt. 419, 422, 739 A.2d 1201, 1204 (1999).

¶ 12. Travelers requests instead that the superior court issue standards that specifically regulate how the Commissioner must decide interim order requests. Rather than developing the law on a case-by-case basis, Travelers seeks that the judiciary order a substitute statute, resolving contested issues in its favor. Even if we could create such standards disconnected from the facts involved in specific cases, it would be an inappropriate interference with the discretion of the Commissioner.

¶ 13. The second *C.V. Landfill* factor is related and underscores that judicial intervention in the way Travelers seeks would be inappropriate. The doctrine of primary jurisdiction cautions courts against "exercising jurisdiction when an alternative tribunal with expertise in the subject matter is available to decide the dispute." *C.V. Landfill*, 158 Vt. at 389, 610 A.2d at 146. As we emphasized in *C.V. Landfill*, "[o]ur cases underscore the importance of prior adjudication by administrative bodies." *Id.* at 389, 610 A.2d at 147; see also *Molesworth v. Univ. of Vt.*, 147 Vt. 4, 7, 508 A.2d 722, 723 (1986) ("Where ... the Legislature has delegated authority to the Trustees of the University of Vermont to determine eligibility for reduced tuition charges ... the declaratory judgments

---

[3] *Williams* raises an additional ground to reject the applicability of declaratory relief in this case. In *Williams*, we noted that:

> Declaratory relief would not give plaintiffs what they want; it would only advise the ultimate decision-maker on points of law necessary to get a refund. ... The judiciary is not empowered to render advisory opinions the sole purpose of which is to aid in the resolution of a dispute that properly belongs in another tribunal.

156 Vt. 42, 58-59, 589 A.2d 840, 850 (1990). Exactly the same deficiency applies here.

vehicle can not be used to frustrate that legislative choice.")[4]; *In re State Aid Highway No. 1, Peru*, 133 Vt. 4, 8, 328 A.2d 667, 669 (1974) ("[P]roceedings under various declaratory judgment statutes cannot be substituted for adequate and available remedies of review . . . of decisions by administrative tribunals.").

¶ 14. The doctrine of primary jurisdiction applies to the administrative adjudication system established for workers' compensation. See *Demag v. Am. Ins. Cos.*, 146 Vt. 608, 610, 508 A.2d 697, 698 (1986) ("The Declaratory Judgments Act cannot be used to circumvent the statutory remedy provided in the Workers' Compensation Act."). The Legislature has entrusted the administration of the workers' compensation laws to the Commissioner, see 21 V.S.A. § 606, and the Commissioner necessarily has developed expertise in this administration. As a result, we give deference to the Commissioner's interpretation and application of the workers' compensation laws. *Bedini v. Frost*, 165 Vt. 167, 169, 678 A.2d 893, 894 (1996). The Commissioner is required to make the claims adjudication process as "summary and simple as reasonably may be," 21 V.S.A. § 602, and "may make such investigation or inquiry or conduct such hearing or trial in such manner as to ascertain the substantial rights of the parties," *id.* § 604.

¶ 15. Nothing in the amended complaint suggests why we should bypass the responsibility and expertise of the Commissioner. The issues Travelers raises here have never been definitively adjudicated by the Commissioner. For many of the cases Travelers cites, it has never sought any relief from the interim payments order; for others, the dispute was resolved in Travelers's favor by administrative remedies provided by the Commissioner.

¶ 16. Travelers attempts to avoid the deference to the responsibility and expertise of the Commissioner by arguing that the issue is whether the Commissioner has acted constitutionally. Travelers claims that the Commissioner cannot have primary jurisdiction over that issue both because she has no power to judge the constitutionality of her own act and because she would have no expertise in such an adjudication. We do not find these reasons to be persuasive. In *Alexander v. Town of Barton*, 152 Vt. 148, 565 A.2d 1294 (1989), we adopted the analysis of Professor Kenneth Davis differentiating between the constitutional applicability of statutes and the constitutional validity of statutes. 152 Vt. at 151, 565 A.2d

---

[4] Travelers has independently claimed jurisdiction under V.R.C.P. 75. As *Molesworth* holds, the invocation of Rule 75 adds nothing beyond the scope of the Declaratory Judgments Act in a case such as this. See *Molesworth v. Univ. of Vt.*, 147 Vt. 4, 7, 508 A.2d 722, 723 (1986).

at 1296 (" 'When a tribunal passes upon constitutional applicability, it is carrying out the legislative intent, either express or implied or presumed. When a tribunal passes upon constitutionality of the legislation, the question is whether it shall take action which runs counter to the legislative intent.' " (quoting 3 K. Davis, Administrative Law Treatise § 20.04, at 74 (1958))). As Professor Davis stated: "[w]e commit to administrative agencies the power to determine constitutional applicability." *Id.* Travelers argues that *Alexander* is inapplicable because the governing statute in that case required the state board of appraisers to take into account constitutional requirements. We have, however, applied *Alexander* in cases where there was no comparable statutory requirement. See *Stone v. Errecart*, 165 Vt. 1, 5, 675 A.2d 1322, 1326 (1996); *Harrington v. Dep't of Employment & Training*, 152 Vt. 446, 447 n.2, 566 A.2d 988, 989 n.2 (1989). Under *Alexander*, the Commissioner can judge the constitutionality of her implementation of interim orders under 21 V.S.A. § 662(b).

¶ 17. Nor are we persuaded that the Commissioner brings no expertise to such an adjudication. This objection arises from the artificial description of the issue on which Travelers now relies. Notwithstanding the description of the various interim order cases cited in the complaint, Travelers's claim is a broad constitutional attack on the Commissioner's practices in issuing interim orders under § 662(b), separate and apart from any particular application of the statute in a particular case. The first and foremost claim, however, is that the Commissioner has violated § 662(b) in each of the three practices in the cases the company enumerated in its complaint. In such interpretations of the Workers' Compensation Act, we give deference to the Commissioner because she administers it and has expertise in the administration. See 21 V.S.A. § 606 (questions arising under provisions of workers' compensation statutes "shall be determined" by the Commissioner); *Wentworth v. Crawford & Co.*, 174 Vt. 118, 124, 807 A.2d 351, 355 (2002) (same). Even if we were dealing solely with constitutional arguments, we still must begin with a construction of the statute, which again must be done in the first instance by the Commissioner. Moreover, the constitutional claims are likely to involve a weighing of competing interests, and we would be informed by how the Commissioner weighs those interests.

¶ 18. Applying the third *C.V. Landfill* factor to the amended complaint also counsels in favor of dismissal. The primary claim Travelers presents is a challenge to the Commissioner's application of the statute authorizing interim payments. In general, use of a declaratory judgment action to attack the application of the statute in particular cases is not

appropriate.[5] See *Georgia Oilmen's Ass'n v. Georgia Dep't of Revenue*, 582 S.E.2d 549, 555 (Ga. Ct. App. 2003) (administrative practice may not be attacked in declaratory judgment action); *Christian Nursing Ctr. v. Dep't of Human Servs.*, 419 N.W.2d 86, 92 (Minn. Ct. App. 1988) (validity of rule as applied may not be challenged by declaratory judgment action); *Verkouteren v. Supervisor of Assessments*, 380 A.2d 642, 644 (Md. Ct. Spec. App. 1977) (statute as applied may not be challenged in declaratory judgment action; "The validity of the application of a statute, however, usually involves factual issues which have been committed to the expertise of administrative agencies by the legislature and in many instances the constitutional issue may never arise if the administrative remedy is exhausted."). On the other hand, a facial challenge to the governing statute, or to rules adopted pursuant to that statute, may be allowable in a declaratory judgment action. See *Flanders Lumber & Bldg. Supply Co. v. Town of Milton*, 128 Vt. 38, 44, 258 A.2d 804, 808 (1969). Thus, dismissal of Travelers's claims against the Commissioner's implementation of § 662(b) was appropriate.

¶ 19. Although we affirm the dismissal of most of Travelers's complaint because it challenged § 662(b) as applied by the Commissioner, Travelers's brief indicates that it intended two facial challenges to the statutory scheme. Travelers claims that it is denied (1) equal protection of the law because the decision to issue an interim order "is not guided or constrained by any objective standard"; and (2) due process of law because it cannot recoup benefits paid under an interim order when a claimant is found after hearing not to be entitled to benefits. We take the first challenge to be that the statutory standard that "the evidence does not reasonably support the denial," 21 V.S.A. § 662(b), is constitutionally inadequate. We agree with Travelers that it can bring a declaratory judgment action to challenge the constitutionality of the statute on its face on the grounds it alleged, see 12 V.S.A. § 4712 (party may challenge validity of a statute), and such a challenge is not an appeal requiring certification of questions of fact and law by the Commissioner, cf.

---

[5] Travelers argues that jurisdiction is provided by 3 V.S.A. § 807 because it alleged that the Vermont Workers' Compensation and Occupational Disease Rules as written and as applied impair the legal rights of Travelers. In its brief, it explains this challenge as one to the Department's authority to issue interim orders "absent an articulated standard for doing so." As we understand Travelers's position, it is claiming that defendants have violated its rights by failing to provide by rule a standard beyond that set out in the statute. Section 807 authorizes challenges to the "validity or applicability of a rule" by an action for a declaratory judgment. We cannot conclude that this claim involves a challenge to the validity or applicability of a rule.

*Flanders Lumber & Bldg. Supply Co.*, 128 Vt. at 44, 258 A.2d at 808 (exhaustion of administrative remedies unnecessary for facial attack on a zoning ordinance). We also agree that the complaint is broad enough to encompass these facial challenges within it. To this limited extent, we reverse the dismissal of the complaint. In all other respects, the dismissal was proper.

¶ 20. The parties have briefed whether Travelers can obtain judicial review of an interim payments order, either immediately, or after the claim is finally adjudicated.[6] In view of our construction of the complaint as one for declaratory relief, and in light of our disposition, we need not reach either question.

*The superior court's decision dismissing Travelers's complaint is affirmed, except as to allegations challenging 21 V.S.A. § 662(b) on its face. The dismissal of allegations facially challenging 21 V.S.A. § 662(b) is reversed and remanded for proceedings consistent with this order.*

---

[6] Below, Travelers also argued for a determination on whether the superior court could adjudicate in an appeal a challenge to an interim order that has been rescinded, but Travelers has abandoned that argument here.