2006 VT 14

## In re GREEN CROW CORPORATION

[895 A.2d 189]

Nos. 05-036 & 05-155

¶ 1. January 30, 2006. Plaintiff Green Crow Corporation appeals a series of orders of the Environmental Board in which the Board ruled that it lacked jurisdiction to determine the applicability of Act 250 to logging activity on lands below 2500 feet in Granville, Vermont. For the reasons that follow, we remand the case to the Board to decide whether it has Act 250 jurisdiction over Green Crow's logging-related activities on lands below 2500 feet.

¶ 2. Green Crow, a timber and logging company, owns a 1281-acre parcel in Granville, Vermont, 508 acres of which lie above 2500 feet in elevation. In October 2003, Green Crow applied for an Act 250 permit to log a portion of the land above 2500 feet. Pursuant to 10 V.S.A. § 6001(3)(D)(i), the "construction of improvements for farming, logging or forestry purposes below the elevation of 2,500 feet" is not "development" subject to Act 250's requirements. On February 24, 2004, Green Crow received a land use permit from the District #3 Environmental Commission, authorizing it to log 184 acres above 2500 feet. The permit states that it applies to the entire 1281-acre parcel, and not just to the acreage located above 2500 feet. In its findings and conclusions in support of the permit, the district commission explicitly stated that Act 250 jurisdiction and regulatory control attached to activities on lands below 2500 feet incident to the logging above 2500 feet.

¶ 3. The district commission found that the project would violate several of the criteria required by 10 V.S.A. § 6086(a) for the granting of a permit unless Green Crow complied with a number of condi-

tions. Certain of those conditions apply regardless of elevation. See Land Use Permit #3R0903, Condition 5 (requiring Green Crow to provide the State with "access to the property covered by the permit" to ascertain compliance); Condition 7 (mandating compliance with Acceptable Management Practices for Maintaining Water Quality on Logging Jobs in Vermont for "all skid trails, truck roads and log landings both on and off the property"); Condition 8 (requiring Green Crow's forester to inspect and report on all skid trails, truck roads and log landings on a weekly basis).

¶ 4. On March 23, 2004, Green Crow appealed the permit and the related findings and conclusions to the Environmental Board.[1] On September 14, 2004, the Board issued a Prehearing Conference Report and Order in which it identified seven merits issues, including the applicability of the permit conditions to lands below 2500 feet, and one preliminary issue — whether the Board had subject matter jurisdiction to consider the permit's applicability to lands below 2500 feet. On November 3, 2004, Green Crow filed a motion for summary decision on those two issues.

¶ 5. In a January 7, 2005 ruling, the Board held that it did not have jurisdiction to determine the challenge to its jurisdiction over lands below 2500 feet. The Board noted that under its rules it is authorized to hear questions about

"findings, conclusions and permit conditions issued by the district commission." Environmental Board Rule 40(A), 6 Code of Vermont Rules 12 003 001-34. It reasoned that by asking it to determine whether Act 250 jurisdiction includes land under 2500 feet, Green Crow was in effect asking for a declaratory ruling, which it could do only in an appeal from a jurisdictional opinion of the district coordinator. In support, the Board cited 10 V.S.A. § 6007(c), which states that "any person ... may request a jurisdictional opinion from the district coordinator concerning the applicability of" Act 250. The Board held that the question of whether Act 250 jurisdiction attached to lands under 2500 feet ·was beyond its jurisdiction and set a schedule for proceeding on the merits of the challenged permit conditions.

¶ 6. Green Crow appealed the Board's decision on the jurisdictional issue to this Court and moved the Board to stay the proceedings pending resolution of the appeal. In a February 8 ruling, the Board denied the request, reasoning that it could proceed on the merits of the challenged permit provisions in parallel with Green Crow's appeal of the jurisdictional issue. In response, Green Crow moved to alter that ruling or dismiss its appeal of the permit. In the alternative, Green Crow requested leave to file an interlocutory appeal. In a March 29 ruling, the Board denied the motions to alter and to dismiss, and dismissed the interlocutory appeal request as moot because nothing in Act 250 or the Board's rules requires a party to seek permission to file an interlocutory appeal. Green Crow appealed that ruling,[2] and this Court consolidated the two appeals.

---

[1] Because Green Crow commenced its appeal to the Board before January 31, 2005, we consider this appeal in light of the statutes and Board rules in effect prior to February 1, 2005. See 2003, No. 115 (Adj. Sess.), § 121(b)(2)(A) (stating that the Board shall continue to exist for purposes of completing consideration of matters received before January 31, 2005).

[2] Green Crow argues on appeal that the March 29 ruling erroneously required it to proceed with an evidentiary hearing.

¶ 7. The Board's January 7 ruling, in which it decided that it did not have jurisdiction to determine whether it had Act 250 jurisdiction over Green Crow's activities on lands below 2500 feet in elevation, was error. "In numerous cases, we have recognized the specialized expertise of the [Environmental] Board in determining whether it has jurisdiction over a particular development proposal." *In re Denio*, 158 Vt. 230, 235, 608 A.2d 1166, 1169 (1992). As we further observed in *In re Denio*,

> for an administrative board of limited jurisdiction virtually any disagreement with its actions can be phrased in jurisdictional terms. Indeed, the vast majority of Act 250 appeals involve jurisdictional issues, and in resolving them, we have accorded a high level of deference to the interpretation of Act 250 by the Board.

*Id.* (quotations omitted). Our recognition of the Board's particular expertise in deciding whether it has jurisdiction over proposed development presupposes that the Board has jurisdiction to make such a decision.

¶ 8. Additionally, we have recognized that "[t]he doctrine of primary jurisdiction cautions courts against 'exercising jurisdiction when an alternative tribunal with expertise in the subject matter is available to decide the dispute.'" *Travelers Indem. Co. v. Wallis*, 2003 VT 103, ¶ 13, 176 Vt. 167, 845 A.2d 316 (quoting *C.V. Landfill, Inc. v. Envtl. Bd.*, 158 Vt. 386, 389, 610 A.2d 145, 146 (1992)). In

We need not rule on that argument because we are remanding on the jurisdictional question. Accordingly, we leave to the Board the decision of how to proceed after it addresses the jurisdictional issue.

*C.V. Landfill*, we stressed "the importance of prior adjudication by administrative bodies," pointing out that courts must "consider at the outset whether another body is better suited to resolve the issues." 158 Vt. at 389, 610 A.2d at 147. In this case, the doctrine of primary jurisdiction further supports our decision to remand this matter so that the Board can determine the extent of its Act 250 jurisdiction over Green Crow's logging activities on lands below 2500 feet.

¶ 9. We also note that even if we decided the question of whether Act 250 jurisdiction attached to activities below 2500 feet, we would still remand this matter to the Board. On the one hand, if we decided the Board did have jurisdiction over activities below 2500 feet, then presumably the matter would continue as an appeal on the merits of the permit conditions as applied to lands below 2500 feet. If, on the other hand, we decided there was no Act 250 jurisdiction below 2500 feet, we would also remand because the conditions as written presuppose their application to all lands, including those below 2500 feet. Thus, the Board would have to determine whether the conditions still properly addressed the relevant concerns as to lands above 2500 feet, given that the conditions would no longer apply below 2500 feet.

*Reversed and remanded to the Environmental Board for further proceedings consistent with this decision.*