S T A T E   O F   V E R M O N T

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                        Docket No. 59-5-19 Vtec

---

Capitol Plaza Act 250

---

**CORRECTED ENTRY REGARDING MOTION[1]**

Count 1, Act 250 District Commission Decision (59-5-19 Vtec)
Count 2, Act 250 District Commission Decision (59-5-19 Vtec)
Count 3, Act 250 District Commission Decision (59-5-19 Vtec)
Count 4, Act 250 District Commission Decision (59-5-19 Vtec)

Title:          Motion To Alter Decision Clarified (Motion 13)
Filer:          Natural Resources Board
Attorney:       Gregory J. Boulbol
Filed Date:     May 18, 2020

Response filed on 05/21/2020 by Attorney David W. Rugh for party 7 Co-counsel
        Opposition
Response filed on 05/29/2020 by Attorney Gregory J. Boulbol for Interested Person Natural
Resources Board
        Reply

**The motion is GRANTED IN PART and DENIED IN PART.**

The present action is an appeal of Act 250 Findings of Fact, Conclusions of Law and Order 5W1591 issued on May 2, 2019 by the District #5 Environmental Commission (DC) pursuant to 10 V.S.A. § 6086b, to the City of Montpelier (City) and Capitol Plaza Corporation (collectively Applicants) to construct a hotel and neighboring parking garage (the Projects).  Mr. Les Blomberg and Mr. Daniel Costin (Appellants) appealed the DC's decision to this Court.  Presently before the Court are Applicants' and Natural Resources Board's motions to alter or amend this Court's Decision and corresponding Judgment Order issued on April 14, 2020 (the 2020 Decision).  Capitol Plaza Act 250, No. 59-5-19 Vtec slip op. at 14–15 (Vt. Super. Ct. Envtl. Div. Apr. 14, 2020) (Walsh, J.) (denying Appellants' and NRB's cross-motions for summary judgment and concluding that the

---

[1]  This entry order serves to remedy typographical errors. Rule 56(e) has been replaced with Rule 59(e). Strikethrough and underline indicate changes.

proposed parking garage constitutes a development for municipal purposes on less than ten acres of land and is therefore not subject to Act 250 jurisdiction) [hereinafter 2020 Decision].

In this matter, Appellants are represented by James A. Dumont, Esq. Applicants are represented by Joseph S. McLean, Esq. and David W. Rugh, Esq. NRB is represented by Gregory Boulbol, Esq.

## Legal Standard

Appellants' and NRB's motions to alter are made pursuant to V.R.C.P. 59(e), which governs motions to alter or amend a judgment. There are four principal reasons for granting a Rule 59(e) motion: "(1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow a moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to respond to an intervening change in the controlling law." Old Lantern Non-Conforming Use, No. 154-12-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sep. 13, 2017) (Durkin, J.) (quotations omitted); In re Green Mountain Power Corp., 2012 VT 89, ¶ 50, 192 Vt. 429 (stating that under Rule 569(e), "[t]he trial court enjoys considerable discretion in deciding whether to grant such a motion to amend or alter") (quoting In re SP Land Co., 2011 VT 104, ¶ 16, 190 Vt. 418). V.R.C.P. 59(e) gives the Court broad power to alter or amend a judgment "if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enter., Inc., 164 Vt. 582, 588 (1996); In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Aug. 12, 2010) (Durkin, J.) (citations omitted); Reporter's Notes, V.R.C.P. 59(e). Indeed, Rule 569(e) provides a mechanism to "take advantage of the court's power to correct a judgment in order to avoid an appeal and its attendant delay." Osborn v. Osborn, 147 Vt. 432, 433 (1986) (citation omitted).

The Court had broad discretion when considering a motion to alter. In re SP Land Co., 2011 VT 104, ¶ 16. Rule 59(e) allows the Court to "reconsider issues previously before it, and generally may examine the correctness of the judgment itself."[2] In re Robinson/Keir P'ship, 154

---

[2] The Vermont Supreme Court has noted V.R.C.P. Rule 59(e) is largely identical to the Federal Rule of Civil Procedure 59(e). In re SP Land Co., LLC, 2011 VT 104, ¶ 16, 190 Vt. 418, 426. In re SP Land Co. draws guidance from the Federal Rules and notes that a manifest error of law upon which judgment is based is one such ground for which a motion to alter may be granted. Id. at ¶ 17; see 11 C. Wright et al., Federal Practice and Procedure § 2810.1, at 124–25 (2d ed. 1995).

Vt. 50, 54 (1990); see also Drumheller v. Drumheller, 2009 VT 23, ¶ 28, 185 Vt. 417 (noting the Court's "inherent power to open, correct, modify, or vacate its judgments"). The Court's power extends to issues not raised in the motion in the interest of striking "an appropriate balance between reconsideration and finality." In re SP Land Co., 2011 VT 104, ¶ 17; Drumheller, 2009 VT 23, ¶ 30–34.

While V.R.C.P. 59(e) provides an avenue for the Court to provide relief for a mistake or inadvertence, this Court recognizes that an action to alter or amend "a judgment after its entry is an extraordinary remedy which should be used sparingly."[3] In re Zaremba Grp. Act 250 Permit, No. 36-3-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J) (quotation omitted). Indeed, Rule 596(e) does not permit the Court to reconsider arguments that have already been raised and rejected by the Court. Town Clarendon v. Houlagans MC Corp. of VT., No. 131-10-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.); see also In re Boutin PRD Amendment, No. 93-4-06 Vtec slip op. at 1–2 (Vt. Envtl. Ct. May 18, 2007) (Wright, J.) (stating that mere disagreement with the Court's decision does not provide adequate grounds for reconsideration).

## Discussion

Presently before the Court are two pending motions: NRB's limited motion to alter and Appellants' motion to alter this Court's 2020 Decision on cross-motions for summary judgment and subsequent Judgment Order.

The NRB's motion to alter concerns this Court's conclusion that Applicants are not barred from challenging Act 250 jurisdiction. 2020 Decision at 7. NRB argues that this Court lacks subject matter jurisdiction pursuant to 4 V.S.A. § 34(1) to decide whether Act 250 jurisdiction arises in this case and contend that Applicants failed to exhaust administrative remedies prior to bringing the present appeal. See Natural Resources Board Clarified Limited Motion to Alter Decision at 2–5, filed May 18, 2020 [hereinafter NRB Limited Motion to Alter]. Applicants oppose, stating that NRB presents a repetitive argument insufficient to satisfy Rule 59(e) and the Court has the

---

[3] Rule 59(e) motions are "not intended as a means to reargue or express dissatisfaction with the Court's findings of fact and conclusions of law" and cannot "merely repeat[] arguments that have already been raised and rejected by the Court." Town Clarendon v. Houlagans MC Corp. of VT., No. 131-10-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.); Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.) (quoting Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1) (internal footnotes omitted) (stating that motions to reconsider should not be used to "relitigate old matters").

authority to decide issues of Act 250 jurisdiction. Cross-Appellant-Applicants' Memorandum of Law in Opposition to the Natural Resources Board's Clarified Limited Motion to Alter at 5–11, filed May 21, 2020.

Appellants' raise multiple concerns in their motion to alter. First, Appellants assert that the Court dismissed Appellants' questions that pertain to elements of the hotel project, which is subject to Act 250 jurisdiction and was not sought as relief in Appellants' motion for summary judgment. Appellants' Motion to Alter or Amend for New Trial and Memorandum of Law at 1, filed May 6, 2020 [hereinafter Appellants' Motion to Alter]. Second, Appellants contend this Court erred in drawing inferences interpreting the terms "association," "control," and "purpose" in favor of the Applicants, contrary to V.R.C.P. 56. Id. Third, Appellants present new discovery that the public parking spaces for the Projects will be reduced, arguing that this demonstrates a lack of municipal purpose for the parking garage. Id. Applicants disagree, arguing the dismissal was proper due to lack of standing, Appellants' arguments merely repeat those made in the cross-motion for summary judgment, and the new evidence is irrelevant to the municipal purpose of the proposed parking garage. Cross-Appellant-Applicants' Memorandum of Law in Opposition to Appellants Motion to Alter at 1–4, filed May 20, 2020 [hereinafter Applicants' Memorandum in Opposition]. We address the NRB's and Appellants' motions in order below.

**I.      Whether the NRB may raise a challenge to Act 250 jurisdiction in a Motion to Alter.**

A motion to alter under Rule 59(e) does not provide an avenue through which to raise arguments that have already been rejected and addressed by the Court. Town Clarendon, No. 131-10-17 Vtec, slip op. at 1 (Apr. 10, 2014). Mere disagreement with the Court's decision is insufficient grounds for reconsideration. In re Boutin, No. 93-4-06 Vtec slip op. at 1–2 (May 18, 2007); see also 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2810.1. Applicants contend the NRB's motion presents a repetitive argument mirroring Appellants' cross-motion for summary judgment, which this Court addressed in our prior Decision. 2020 Decision at 6–7. The NRB did not address this issue.

Appellants' cross-motion for summary judgment argued this Court lacked subject matter jurisdiction as no jurisdictional opinion had been sought or obtained from the district coordinator. Appellants Cross Motion for Summary Judgment at 1–6, filed Jan. 31, 2020. The NRB also filed a cross-motion for summary judgment which neglected to challenge this Court's

4

subject matter jurisdiction. NRB's Opposition to Appellant-Applicant's Motion for Partial Summary Judgment and Cross Motion for Partial Summary Judgment at 1–12, filed Feb. 6, 2020. Moreover, the NRB filed a response specifically addressing Act 250 jurisdictional triggers and noted specifically that no jurisdictional opinion had been obtained from the district coordinator. NRB's Reply to Cross-Applicant's Omnibus Filing at 4–5, filed Mar. 27, 2020. Here, the NRB addresses these very issues in their limited motion to alter, which this Court clearly addressed in our Decision on cross-motions for summary judgment. 2020 Decision at 7.

The NRB is raising an argument that has been already received and addressed by the Court. As such, the assertion is an attempt to reargue the previous motion and express dissatisfaction with the Court's Decision. Therefore, we **DENY** the NRB's limited motion to alter.

## II.     Whether this Court has Act 250 Subject Matter Jurisdiction.

While we concluded above that the NRB's limited motion to alter is **DENIED**, we clarify below this Court's Act 250 subject matter jurisdiction.

This is a Court of limited jurisdiction. 4 V.S.A. § 34. This Court's authority to hear Act 250 matters derives from § 34(1). Pursuant to 10 V.S.A. § 8504, this Court is authorized to hear appeals from district commission decisions or an act or decision of a district coordinator under § 6007(c). Jurisdictional determinations, as addressed in § 6007(c), may be requested from the district coordinator but are not expressly indicated as the exclusive route to contesting Act 250 jurisdiction. Further insight may be gleaned concerning original jurisdiction from the statutory language and legislative intent of § 6007(c), procedural mechanics of de novo proceedings, and guiding precedent.

In our prior Decision, this Court addressed whether there exists subject matter jurisdiction under Act 250, absent a jurisdictional opinion.[4] We concluded that there is subject matter jurisdiction and Applicants may raise a challenge to Act 250 jurisdiction for the parking garage project. 2020 Decision at 6–7. In arriving at this decision, we considered the unambiguous and plainly permissive language of 10 V.S.A. § 6007(c) in stating that "a person may request a jurisdictional opinion" as permissive. Id.; 10 V.S.A. § 6007(c) (emphasis added); see also Act 250

---

[4] "Subject matter jurisdiction" refers to the fundamental "power of a court to hear and determine a general class or category of cases." Lamell Lumber Corp. v. Newstress Int'l, Inc., 2007 VT 83, ¶ 6, 182 Vt. 282.

Rules, Rule 3(A) (stating a person "may request" a jurisdictional opinion); see Weitz v. Weitz, 2019 VT 35, ¶ 8 (interpreting "may" as optional); Marsigli Estate v. Granite City Auto Sales, Inc., 124 Vt. 467, 470 (1965). The permissive nature of § 6007(c) is undisputed by the NRB. NRB Limited Motion to Alter at 4.

The NRB argues that because Applicants failed to exhaust administrative remedies, namely by neglecting to seek a jurisdictional opinion, Applicants may not challenge Act 250 jurisdiction. This would, in effect, nullify the permissive nature of a jurisdictional opinion, contrary to the plain language of § 6007(c) and legislative intent in providing flexibility.[5] See State v. Yorkey, 163 Vt. 355, 358, (1995) (concluding there is a presumption to construe states in a manner that will not render it ineffective or meaningless). Thus, it is clear the legislature did not intend this to be an "exclusive" route to contesting Act 250 jurisdiction. This Court is bound by the principles of statutory interpretation to safeguard the plain meaning of § 6007(c) and ensure the intent of the legislature in adopting permissive language and flexibility concerning jurisdictional opinions.

As a general principle, the Vermont Supreme Court has held that "[i]t is axiomatic that lack of subject matter jurisdiction of the trial court may be raised for the first time on appeal" to this Court.[6] Town of Charlotte v. Richmond, 158 Vt. 354, 358 (1992) (citing Soucy v. Soucy Motors, Inc., 143 Vt. 615, 617 (1983)). This principle has a narrow exception for denying preservation of jurisdictional issues in "extraordinary circumstances."[7] In re Denio, 158 Vt. 230, 234 (1992). This exception has been applied in Act 250 matters in the context of jurisdictional

---

[5] Should a final jurisdictional opinion become the exclusive route to challenging Act 250, § 6007(c) would further require district coordinators, at the expense of the applicant or requestor, to publish notice and serve the opinion on all adjoining property owners or other persons likely able to demonstrate a particularized interest affected. 10 V.S.A. § 6007(c) (using the optional language of "if a requestor wishes a final determination"). The plain language in § 6007(c) remains permissive, allowing a requestor the option of seeking a final determination. Id.

[6] A Court's lack of subject matter may be raised at any time. V.R.C.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); Berry v. Arnoldware-Rogers, Inc., 127 Vt. 188, 192 (1968) ("[O]bjections to jurisdiction over the subject-matter in litigation are always timely."); Smith v. White Estate, 108 Vt. 473, 480 (1937); Boisvert v. Boisvert, 143 Vt. 445, 447 (1983).

[7] The Supreme Court noted that extraordinary circumstances may include the exhaustion of administrative remedies. In re Denio, 158 Vt. 230, 234 (1992) (citing 3 K. Davis, Administrative Law § 20.03, at 69 (1958 ed.)) (stating exhaustion is analyzed on the basis of three factors: " . . . (1) the extent of injury from pursuit of an administrative remedy; (2) degree of apparent clarity or doubt about administrative jurisdiction; and (3) involvement of specialized administrative understanding in the question of jurisdiction").

6

issues being raised for the first time before the Supreme Court.[8]  Id. (indicating that subject matter jurisdiction is not preserved in an Act 250 setting where the issue was not raised before the commission or the Environmental Board); Passion v. Dep't of Soc. & Rehab. Servs., 166 Vt. 596, 599 (1997).  Here, jurisdiction is an issue raised on a *de novo* appeal before the Environmental Division.

In the context of a *de novo* Act 250 proceeding before the Environmental Division, there is no indication this Court should deny preservation, nor is it likely considering Applicants raised the jurisdictional challenge in their statement of questions.  Estate of George v. Vermont League of Cities & Towns, 2010 VT 1, ¶ 9, 187 Vt. 229 371 (2010).  In a *de novo* proceeding, this Court does not consider decisions issued below, and reviews the application "anew as to the specific issues raised in the statement of questions."  In re Whiteyville Props. LLC, No. 179-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.); see also Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989) (quoting In re Poole, 136 Vt. 242, 245 (1978) ("A de novo trial 'is one where the case is heard as though no action whatever had been held prior thereto.'")).  In conducting *de novo* review, this Court stands "in the shoes of" the administering agency as we review [ . . .] Act 250."  In re Barefoot et al. Act 250 Application, No. 46-4-12 Vtec slip op. at 2 (Vt. Super. Apr. 18, 2013) (Durkin, J.).  In contrast to Denio, Applicants raised a challenge to Act 250 subject matter jurisdiction in their statement of questions in a *de novo* proceeding.  Therefore, the preservation exception is unlikely to apply here.

The Vermont Supreme Court has discussed Act 250 jurisdiction in the context Environmental Board Decisions, which provide guidance.  Indeed, this Court "gives Environmental Board decisions the 'same weight and consideration' afforded to the Court's own prior decisions."  Snyder Group, Inc. Act 250, No. 107-10-18 Vtec slip op. 8 n.15 (Vt. Super. Ct. Envtl. Div. May 22, 2019) (Durkin, J.) (citing 10 V.S.A. § 8504(m)); Goddard College Conditional Use Goddard College Act 250 Reconsideration, No. 173-12-12 Vtec slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jan. 6, 2014) (Walsh, J.).  A preliminary assessment reveals that on multiple occasions the Environmental Board (Board) addressed and decided Act 250 subject matter jurisdiction issues.  In re Green Crow Corp., 2006 VT 14 ¶ 4, 183 Vt. 33 (reversing and remanding to the Board

---

[8]  In Denio, the Court was guided in their interpretation of the preservation statute by the law of exhaustion of administrative remedies.  In re Denio, 158 Vt. 230, 234 (1992).  In contrast to Denio, Applicants are raising subject matter jurisdiction as cross-appellants under 10 V.S.A. § 6068(b) under *de novo* review.  10 V.S.A. § 8504(h).

7

to determine whether it had jurisdiction under Act 250) [hereinafter Green Crow I]; In re Green Crow Corp., 2007 VT 137, ¶ 13, 183 Vt. 33 [hereinafter Green Crow II]; In re Stokes Commc'ns Corp., 164 Vt. 30, 35 (1995).

The Vermont Supreme Court does, however, emphasize caution. Natural Resources Board Land Use Panel v. Dorr, 2015 Vt. 1 ¶ 14, 198 Vt. 226 (citation omitted) (stating that Courts "must be careful to limit the concept in Act 250 cases and other administrative contexts where the agency generally exercises limited powers and 'virtually any disagreement with its actions can be phrased in jurisdictional terms.'"). While the Vermont Supreme Court has acknowledged that the Board possessed authority to decide issues of Act 250 subject matter jurisdiction, it did so due to the Board's "specialized expertise." Green Crow I, 2006 VT 14 ¶ 7–8.

This deference was clarified later in Green Crow II, which states that the "level of deference we afford . . . to determinations that are arguably jurisdictional depends on the character of the decision; fact-intensive determinations that rely on agency expertise will generally be given more deference than purely legal determinations. Green Crow II, 2007 VT 137 ¶ 12–14 (stating that the Board's determination of what is a "road" is inherently fact-bound permitting reasonable discretion and determining whether permit conditions may attach is less fact-bound and entitled to deference). Here, the Court assessed whether the proposed parking garage constituted a "development." 2020 Decision at 8. This analysis was fact-intensive and therefore likely entitled to a greater degree of deference. Given the precedent enabling the Board to decide subject matter jurisdiction, the fact-intensive nature of the determination, the nature of de novo proceedings, and the plain language of § 6007(c), we conclude the guidance indicates this Court has the authority to decide issues of Act 250 jurisdiction and permits Applicants to challenge Act 250 jurisdiction.

III. **Whether this Court's 2020 Decision and Corresponding Judgment Order should be Altered to Address Remaining Issues Raised in Appellants' Statement of Questions.**

Appellants argue there is no basis for dismissing Appellants' questions that pertain to elements of the project that Applicants concede are subject to Act 250 as the motion for partial summary judgment did not seek relief on these matters. Appellants' Motion to Alter at 4 (stating these elements include the hotel and the vehicular and pedestrian access to the hotel and parking

garage).  Applicants counter that Appellants lack party status as they are not aggrieved by the new hotel project.  Applicants' Memorandum in Opposition at 5–11.

Generally, a motion for summary judgment is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2).  In cross-motions for summary judgment, we consider each motion individually and give the opposing party the benefit of all reasonable doubts and inferences.  City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332.  Rule 56 includes procedural protections that require findings to have evidentiary support.  White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c).

On August 1, 2019, this Court held that Appellants have party status under Criteria 5 and 8 and recognized relevant sections to Appellants' Statement of Questions to be addressed at trial.  Capitol Plaza Act 250, No. 59-5-19 Vtec slip op. at 7–12 (Vt. Super. Ct. Envtl. Div. Aug. 1, 2019) (Walsh, J.) (granting Mr. Costin party status under Criterion 5 and Mr. Bloomberg party status under Criteria 5 and 8) [hereinafter 2019 Decision].  In the 2019 Decision, this Court addressed "the Project" as the "construction of a five-story, 81-room hotel with an adjoining three-story parking garage containing 348 spaces."  Id. at 1.  In our 2020 Decision, this Court concluded that the parking garage and hotel constituted two separate and distinct projects.  2020 Decision at 15 (holding that the parking garage was a development for municipal purposes and not subject to Act 250).  As a result, Appellants' Statement of Questions concerning Act 250 Criteria 5 and 8 were dismissed with respect to the parking garage project.  Id.  The 2020 Decision, however, did not articulate a finding or assess any evidentiary support concerning whether the hotel portion, which Applicants concede is subject to Act 250 jurisdiction, was in violation of Criterion 5 or 8.  This issue remains before the Court.

Granting a Rule 59(e) motion to alter or amend a final judgment is viewed by this Court as an "extraordinary remedy."  Bennington Wal-Mart, No. 158-10-11 Vtec, slip op. at 4 (Vt. Sup. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.); Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and procedure § 2810.1 (2d ed. 1995)).  If, however, there exists a "manifest error of law for fact," this Court has discretion to

amend.[9]  Rule 59(e) also gives this Court broad power to alter or amend a judgment "if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party."  Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996); Reporter's Notes, V.R.C.P. 59(e).  Here, there exists a manifest error of law.  The comprehensive dismissal of Appellants' Questions concerning impacts of the hotel project on Criteria 5 and 8 was an error of law as these Questions were not raised and addressed in this Court's 2020 Decision pursuant to the procedural protections of Rule 56.

For the above reasons, we **GRANT** Appellants' motion to alter as Appellants' Statement of Questions relating to Criteria 5 and 8 remain active with respect to the hotel portion of the project.  Therefore, pursuant to V.R.C.P. 59(a) and 52(b), we amend our 2020 Decision and **VACATE** the corresponding Judgment Order to reflect the present status of this case as open.  As it stands, the 2020 Decision operates only to grant Applicants' partial summary judgment motion on Question 1 of Applicants' Statement of Questions and does not constitute an appealable final judgment.

In arriving at this conclusion, the Court notes that there appears to be a challenge to Appellants' party status.  This Court's 2019 Decision addressed party status in the context of a "project" that included both the hotel and parking garage portions.  2019 Decision at 7–12.  As the basis of Appellants' Statement of Questions has become more narrowly focused, the parties have the option to raise this issue in a separate motion concerning whether Appellants have standing or party status now that the proposed parking garage is not within the scope of the Act 250 hotel project.

IV.     **Whether this Court's Decision relied on inferences in favor of the Applicants, contrary to V.R.C.P. 56.**

Appellants argue that the 2020 Decision draws inferences in favor of a summary judgment movant and rejects reasonable inferences in favor of the non-movant.  Appellants' Motion to Alter at 9.  More specifically, Appellants challenge the 2020 Decision's conclusions concerning "association," "control," and "purpose."  Applicants state that Appellants are merely attempting

---

[9] A motion to reconsider or alter permits a Court to "revise its initial judgment if necessary 'to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party.'"  Osborn v. Osborn, 147 Vt. 432, 433 (1986) (quoting Haven v. Ward Real Estate, 118 Vt. 499, 502 (1955)).

to reargue the issue of whether the Applicants are the same "person" under Act 250. Applicants' Memorandum in Opposition at 11–12. In addition, Applicants contend that the benefit of inference shifts to the Applicants as the nonmovant because Appellants raised the issues of "association" and "control." Id. at 12.

As stated above, Rule 56 does not permit alteration where parties are attempting to reargue or express mere dissatisfaction with this Court's decision. Town Clarendon, No. 131-10-17 Vtec, slip op. at 1 (Apr. 10, 2014); In re Boutin, No. 93-4-06 Vtec slip op. at 1–2 (May 18, 2007). Here, Appellants' arguments mirror their cross-motion for summary judgment. Appellants attempt to reassert their definition for "association" and "control," arguing Capitol Plaza constitute the same "person" and express dissatisfaction with this Court's interpretation of a municipal purpose. Appellants' Motion to Alter at 12–17. It is clear that Appellant is raising an argument that has been already received and addressed by the Court in our 2020 decision.

When both parties move for summary judgment "each is entitled to the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged." City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48, 582 A.2d 123, 125 (1990)); DeBartolo v. Underwriters at Lloyd's of London, 2007 VT 31, ¶ 8, 181 Vt. 609; V.R.C.P. 56(c)(3). The Vermont Supreme Court clarified this presumption in stating that both parties are entitled to all reasonable doubts and inferences "when being *considered as* the nonmoving party." Vermont Coll. of Fine Arts v. City of Montpelier, 2017 VT 12, ¶ 7, 204 Vt. 215 (citing Montgomery v. Devoid, 2006 VT 127, ¶ 9, 181 Vt. 154) (emphasis added). Therefore, on a motion for summary judgment, the nonmoving party receives the benefit. Id. Here, Appellants' cross-motion for summary judgment raised the issue of whether Capitol plaza exercises "control" under 10 V.S.A. § 6001(3)(A) such that Applicants constitute a "person." Appellant's reply memorandum in support of their cross motion for summary judgment and in opposition to Appellees' motion for summary judgment at 4–7, filed Feb. 6, 2020. In contrast, Applicants' partial motion for summary judgment challenges Act 250 jurisdiction in arguing that the parking garage does not constitute a "development." Cross-Appellant-Applicant's Motion for Partial Summary Judgment and Memorandum of Law at 6–9, filed Aug. 15, 2019. As such, Applicants can be "considered as" the nonmoving party.

We therefore **DENY** Appellants' motion to alter as repetitive and note that where both parties have moved for summary judgment, the party "considered as" the nonmoving party benefits from all reasonable doubts and inferences.

**V.      Whether there exists new evidence sufficient to satisfy V.R.C.P. 60(b).**

Rule 60(b) permits relief from a judgment or order due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." V.R.E.C.P. 60(b). It is incumbent upon a party seeking relief from a judgment not only to meet the requirements of [Rule] 60(b), but also to show, plead or present evidence of facts which, if established, would constitute a meritorious defense to the action." See LaFrance Architect v. Point Five Dev. S. Burlington, LLC, 2013 VT 115, ¶ 20, 195 Vt. 543. Moreover, Rule 60(b) relief "should only be applied in extraordinary circumstances." John A. Russell Corp. v. Bohlig, 170 Vt 12, 24 (1999).

Appellants present newly discovered evidence that the revised site plans include eleven fewer surface parking spaces. Appellants' Motion to Alter at 18. Appellants argue this decrease demonstrates the lack of municipal purpose. Id. This Court's 2020 Decision that the parking garage served a municipal purpose was based upon a range of factors including responsibility for constructing, financing, maintenance and development of the project, its availability to be used for the public, and its purpose in alleviating insufficient parking. 2020 Decision at 14. While the numeric indicator of available parking spaces available is a factor, it is unlikely a change of eleven spaces, which serves to make the Heney Lot less nonconforming with the City's zoning regulations, constitutes an "extraordinary circumstance" meriting relief. For this reason, we **DENY** Appellants' motion regarding new evidence.

### Conclusion

For the reasons set forth above, we **DENY** the NRB's limited motion to alter as an attempt to reargue the previous motion and express dissatisfaction with the Court's 2020 Decision. Furthermore, we **GRANT** Appellants' motion with respect to Appellants' Statement of Questions on Criteria 5 and 8 concerning the hotel project. We **DENY** Appellants' motion to alter relating to this Court's application of Rule 56 and **DENY** Applicants' Rule 60(b) request for relief.

12

Parties may file motions addressing the issue of whether Appellants have standing or party status under Criteria 5 and 8 when the proposed parking garage is no longer within the scope of the Act 250 hotel project.

Our April 14, 2020 Judgment Order is **VACATED**.

So ordered.

Electronically signed on June 17, 2020 at 09:34 AM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division

<u>Notifications</u>:
James A. Dumont (ERN 1948), Attorney for Appellant Les Blomberg
James A. Dumont (ERN 1948), Attorney for Appellant Daniel Costin
Joseph S. McLean (ERN 2100), Attorney for Cross Appellant Capitol Plaza Corporation
David W. Rugh (ERN 1507), Attorney for party 7 Co-counsel
Gregory J. Boulbol (ERN 1712), Attorney for Interested Person Natural Resources Board
Joseph S. McLean (ERN 2100), Attorney for Cross Appellant City of Montpelier